■ In the Matter of PIOTR TRUSKOLAWSKI et al., Petitioners, v. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.— HERLIHY, P. J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term in Albany County) to review a determination of the Comptroller of the State of New York denying petitioners' claim as intestate distributees of Zofia Truskolawska to bank account number 7717714 registered in the name of Zofia Truskolawska in trust for Andrejz Truskolawska, and turned over as abandoned property by the Williamsburgh Savings Bank of Brooklyn, New York to the State Comptroller in 1961. The respondent has denied the petitioners' claim upon the ground that the petitioners' evidence established that the person who they claimed owned the bank account and is since deceased was illiterate and, therefore, could not have signed a signature card accepted in evidence and could not have been the owner of the account. While the signature card might have been properly before the respondent, the petitioners upon its offer in evidence objected to its receipt for the purpose of establishing that the depositor actually signed it. The present record does not contain any evidence to show that the signature of the depositor was actually required or that the card was executed under such circumstances that the owner of the account probably signed the card. The signature on the card does not constitute substantial evidence that the owner of the account was a literate person and the mere fact that a card is in existence with a signature thereon is not entitled to much weight in and of itself as to whose signature is upon it. It does not appear that the respondent rejected the testimony of the petitioners' witness and upon the present record, it would appear highly improbable that the original owner of the account was not the person described by the petitioners' witness. The present record lacks substantial evidence to support the finding of the respondent that the owner of the account could write her name and implicitly that there were two persons named Zofia Truskolawska fitting the description set forth on the signature card. In *Matter of Stork Rest.* v. *Boland* (282 N. Y. 256, 273–274) the court stated: "A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere

scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based." Determination annulled, and matter remitted to respondent for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Staley, Jr., and Greenblott, JJ., concur in memorandum by Herlihy, P. J.; Reynolds, J., dissents and votes to confirm, in a memorandum. Reynolds, J. (dissenting). The real question here, it seems to me, is whether the claimants have sustained their burden of establishing their claim by a fair preponderance of the evidence. The hearing commissioner who heard the case, saw the witness, and decided this factual issue, held that they did not. Of course, the testimony of John Trypuc was very unsatisfactory and contradictory. The Commissioner is faced with many fraudulent claims by people who read the ads in regard to these abandoned deposits, and then contrive what appears to be genuine evidence to sustain a claim. In view of Trypuc's testimony and the unsatisfactory testimony as to the signature card I would confirm.